UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-00275-MR

| | |
|---|---|
| HARRY SHAROD JAMES, )<br>a/k/a Harry Sharod James-El )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>EDDIE M. BUFFALOE, Jr., Secretary )<br>of Department of Public Safety,[1] )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on June 7, 2021. [Doc. 1]. Also before the Court are the following: Motion re: Transfer of Jurisdiction filed on June 24, 2021 [Doc. 4], Motion to Amend/Correct filed on August 4, 2021 [Doc. 5], Motion to Inspect Grand Jury Minutes and Transcripts filed on October 27, 2021 [Doc. 8], Motion to Dismiss Indictments filed on October 27, 2021 [Doc. 9], and Motion for Void Judgment filed on January 24, 2022. [Doc. 10].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Public Safety ("NCDPS") is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017). Accordingly, Eddie M. Buffaloe, Jr., Secretary of the NCDPS is the proper respondent in this action.

## I. BACKGROUND

### A. State Court Proceedings and Conviction

Harry Sharod James (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a life sentence following his June 10, 2010 conviction of first-degree murder and robbery with a dangerous weapon in Mecklenburg County, North Carolina. [Doc. 1 at 1].

The Petitioner sought appellate review and the North Carolina Court of Appeals rendered its decision on October 18, 2011 finding no error. [Id. at 3]. Following a petition for discretionary review, the North Carolina Supreme Court remanded the proceeding to the trial court for resentencing pursuant to Miller v. Alabama, 567 U.S. 460, 479, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)(prohibiting "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). Id.

The Petitioner was resentenced on December 12, 2014 to life imprisonment without parole. State v. James, 786 S.E.2d 73, 77 (N.C. Ct. App. 2016). The Petitioner sought review and the appellate court reversed and remanded the matter to the trial court to issue findings of fact on mitigating factors as required by N.C. Gen. Stat. § 15A-1340.19C(a). Id. at 84. The North Carolina Supreme Court affirmed the appellate court's decision and remanded the matter to resume sentencing proceedings. State

v. James, 813 S.E.2d 195 (N.C. May 11, 2018).

On June 25, 2018, the Petitioner filed a Motion for Appropriate Relief seeking relief from his conviction, which was denied on September 25, 2018. James v. Brickhouse, 2020 WL 2770176, *2 (W.D.N.C. May 28, 2020).

The Petitioner filed his Petition for Writ of Habeas Corpus on June 7, 2021. [Doc. 1]. The Petitioner raises the following grounds for relief: (1) equal protection violation due to lack of personal and subject matter jurisdiction; (2) due process and equal protection violation due to "[f]raud of the Court"; (3) false imprisonment due to improper indictment; (4) ineffective assistance of counsel. [Doc. 1 at 6-11].

**B. Prior 2254 Petitions**

The Petitioner previously filed a § 2254 petition in this Court on May 27, 2014, which was dismissed on October 31, 2014. The Court treated the Petitioner's repeated requests for an order transferring his case to state court as a motion for voluntary dismissal. See [Docs. 1 and 11 of Case No. 3:14-cv-496 (W.D.N.C)].

The Petitioner filed an additional § 2254 petition in this Court on February 11, 2019, raising the following grounds for relief: (1) indictment for robbery with a dangerous weapon was defective; (2) indictment failed to put the Petitioner on notice of what type of homicide he should defend against;

3

(3) the State presented inadmissible evidence; (4) ex post facto violations; (5) dangerous weapon indictment failed to meet the standard for first-degree or felony murder; and (6) double jeopardy violation. On May 28, 2020, the Court granted the Respondent's summary judgment motion and denied the petition on the merits. See [Docs. 1 and 16 of Case No. 3:19-cv-00070 (W.D.N.C.)].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). Under 28 U.S.C. § 2244(b)((3)(A), "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. Id. Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

Because the Petitioner has previously sought and received habeas review of his criminal conviction on the merits, the § 2254 petition filed on

4

June 7, 2021 [Doc. 1] is successive. The Petitioner has not demonstrated that he has obtained authorization from the appellate court to file a successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.[2]

### B. Motion re: Transfer of Jurisdiction

On June 24, 2021, the Petitioner filed a motion "requesting transfer to cure want of jurisdiction." [Doc. 4 at 1]. The Petitioner argues that the "United States District Court is only used for internal revenue laws for the United States Tax Court" and therefore, "this tax court" lacks jurisdiction to hear his habeas matter. [Id.]. The Petitioner requests this matter be transferred to "the proper common law court 'district court of the United States' pursuant to Article III of the Constitution..." Id. at 3.

The Petitioner's motion is frivolous and without any merit. This U.S. District Court has jurisdiction over the Petitioner's habeas petition. See 28 U.S.C. § 2254(a)("a district court shall entertain an application for a writ of

---

[2] The instant § 2254 petition also appears to be time-barred under 28 U.S.C. § 2244(d)(1), which requires the petition to be filed within one year from the date the judgment became final. 28 U.S.C. § 2244(d)(2). This § 2254 proceeding was filed on June 7, 2021—well past the one-year from the date the Petitioner's conviction became final. In addressing the timeliness of his petition, the Petitioner argues that the State of North Carolina never had jurisdiction to bring charges against him. [Doc. 1 at 14]. However, the Petitioner's argument is without merit and insufficient to justify the untimeliness under § 2244(d)(1).

habeas corpus in behalf of a person in custody..."). The Petitioner's argument lacks any sufficient legal basis or grounds to warrant the transfer of this habeas proceeding. As such, the motion is denied.

### C. Motion to Amend/Correct

On August 4, 2021, the Petitioner filed a motion seeking leave to amend his petition for writ of habeas corpus. [Doc. 5]. In support of the motion, the Petitioner states that he is "not an artificial person, and courts are only allowed to interface with corporations" and that the "court must prove its jurisdiction." [Id. at 1-2]. However, the motion sets forth no sufficient basis or grounds to allow amendment of the Petitioner's habeas petition.

Federal Rule of Civil Procedure 15 governs the amendments of § 2254 motions and provides that a party may amend their pleading once as a matter of course at any time before a responsive pleading is served….otherwise, a party may only amend by seeking leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend "shall be freely given when justice so requires." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). However, courts may deny leave to amend when the amendment would be prejudicial to the opposing party, there has been bad faith on part of the moving party, or the amendment would be futile. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)(citing Johnson v. Oroweat

Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); U.S. v. Brown, 596 Fed. Appx. 209, 211 (4th Cir. 2015).

As discussed above, this habeas proceeding is barred as successive because the Petitioner has previously sought habeas review of his judgment and conviction and received a ruling on the merits. Therefore, allowance of an amended petition would be futile.

The Petitioner's proposed amended petition also fails to state a claim of habeas relief. The Petitioner seeks to allege constitutional violations on grounds that while searching the administrative remedy procedure at Maury Correctional Institution, he discovered that "the contracts for NCDPS-DAC...ha[ve] been expired since September 15, 2021." [Doc. 7 at 1]. The Petitioner states that because the contracts have expired, there is no "governing administration to enforce policy and procedure...including hiring and the training of officers, safety and security." [Id. at 16]. The Petitioner further alleges that he is not receiving proper nutrition and that prison officers are using profanity. [Id. at 1].

However, the Petitioner's arguments are not proper grounds for habeas relief under 28 U.S.C. § 2254, which enables a person in the custody under a state-court judgment to seek a determination that the custody violates the petitioner's constitutional rights. See Rule 1(a)(1) of the Rules

7

Governing § 2254 Cases. The Petitioner acknowledges in the proposed amended petition that he is "not challenging the execution of my conviction." [Doc. 7 at 1]. The Petitioner's complaints regarding officer conduct and prison nutrition relate to the conditions of confinement, which should be raised in connection with a 28 U.S.C. § 1983 civil action and not a habeas proceeding. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement...A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'").

Because the proposed amended petition would be successive and fails to set forth a valid claim of habeas relief, the Petitioner is not entitled to leave to submit an amended petition and his motion is denied.

### D. Motion to Inspect Grand Jury Minutes and Transcripts

The Petitioner moves this Court to order the Government to allow him to him to inspect the minutes and transcript of the Grand Jury from his state court criminal proceeding. [Doc. 8]. The Petitioner argues that inspection of the Grand Jury proceeding is material to the preparation of his defense. [Id.].

There is no automatic entitlement to conduct discovery in a habeas proceeding and parties may engage in discovery only after obtaining leave of court for good cause shown. Bracy v. Gramley, 520 U.S. 899, 904, 117

S.Ct. 1793, 138 L.Ed.2d 97 (1997). As set forth above, this § 2254 habeas proceeding is subject to dismissal as successive and unauthorized under 28 U.S.C. § 2244(b)((3)(A). Therefore, the Petitioner can demonstrate no good cause sufficient to justify his entitlement to the requested materials. As such, this motion is denied.

### E. Motion to Dismiss Indictments

In his Motion to Dismiss Indictments, the Petitioner moves this Court for dismissal of his criminal indictments on grounds that the offense is "cognizable only in the common law jurisdiction" and that the court was an "administrative court" without proper jurisdiction over him. [Doc. 9 at 1-3]. The Petitioner also complains that the indictments lacked appropriate signatures and notary public seals. [Id.].

The Petitioner's motion is conclusory, unsupported by sufficient factual allegations and provides no sufficient basis for relief. As set forth above, the Petitioner has already challenged his criminal indictment in his prior 2019 habeas proceeding. He attempts to challenge it again in this habeas proceeding, which is successive and unauthorized under 28 U.S.C. § 2244(b)((3)(A). This motion is a further attempt to seek the same relief. As such, the motion is denied.

## F. Motion for Void Judgment

In his "Motion for Void Judgment," the Petitioner requests to be released from custody on grounds that the judgments entered against him in his state criminal proceeding and in his previous 2019 habeas action were null and void due to lack of subject matter subject-matter jurisdiction. [Doc. 10 at 1-3]. The Petitioner's motion is filed pursuant to Fed. R. Civ. P. 60(b)(4).

Rule 60(b) permits a court to correct orders and provide relief from judgment under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." Compton v. Alton S.S. Co., 608 F .2d 96, 102 (4th Cir.1979).

The party seeking relief under Rule 60(b) must show that the motion is timely,[3] that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by having the judgment set aside, along with the presence of exceptional circumstances. Aikens v. Ingram,

---

[3] All motions filed under Rule 60(b) must be made within a reasonable time. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).

652 F.3d 496, 501 (4th Cir. 2011). The grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Despite labeling his motion under Rule 60(b)(4), the Petitioner provides no sufficient grounds or legal basis to support any claim under this subsection of Rule 60. The Petitioner's assertions of lack of subject matter jurisdiction are conclusory and unsupported and nothing more than a continuation of his ongoing attempt to attack his underlying criminal conviction and sentence. Therefore, in substance, the Petitioner's Rule 60 motion constitutes a successive habeas petition. Because the Petitioner has not obtained the required authorization from the Fourth Circuit to file a successive habeas action challenging his conviction and sentence, his motion is subject to dismissal. See 28 U.S.C. § 2244(b)(3)(A); Gonzalez v.

Crosby, 545 U.S. 524, 531-33 (2005)(concluding that a Rule 60(b) motion that directly challenges the underlying conviction constitutes a successive § 2254 petition). See also Schroeder v. Bank of Am. Corp., 2012 WL 6929272, *4 (M.D. Pa. Nov. 19, 2012)(explaining that Rule 60(b)(4) "does not provide a general license for federal courts to review state court judgments to determine whether they are void or voidable"). As such, the motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to § 2244(b).

2. The Petitioner's Motion re: Transfer of Jurisdiction [Doc. 4] is **DENIED**.

3. The Petitioner's Motion to Amend/Correct filed [Doc. 5] is **DENIED**.

4. The Petitioner's Motion to Inspect Grand Jury Minutes and Transcripts [Doc. 8] is **DENIED**.

5. The Petitioner's Motion to Dismiss Indictments [Doc. 9] is **DENIED**.

6. The Petitioner's Motion for Void Judgment [Doc. 10] is **DENIED**.

7. The Clerk of Court is directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

8. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as the Petitioner has failed to show a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000).

**IT IS SO ORDERED.**

Signed: February 7, 2022

Martin Reidinger
Chief United States District Judge